TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00694-CR







Roxanne Gibson, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C95-1495, HONORABLE JOHN BARINA, JUDGE PRESIDING







PER CURIAM


 Kevin Gibson, appellant's former husband, testified that around 7:30 a.m. on January 14,
1995, appellant began knocking on the door of the apartment he shared with three other people. Gibson
refused to open the door. Appellant then attempted to climb through a window into the apartment. When
Gibson blocked her entry, appellant hit him in the mouth with her fist. Gibson's testimony was corroborated
by that of the other apartment residents and a man who observed the incident from outside the apartment. 

 Appellant presented an alibi defense. Both she and her fiance testified that she was with
the fiance in his residence on the morning of the alleged assault on Kevin Gibson. Unpersuaded by this
testimony, a jury found appellant guilty of assault and assessed punishment at incarceration for 365 days
and a $2000 fine. Tex. Penal Code Ann. § 22.01(a)(1) (West 1994).

 In her first point of error, appellant contends the court erred at the guilt phase by refusing
to admit evidence of Kevin Gibson's bias against her. By bill of exception, appellant testified that on
January 13, the day before the charged offense, Gibson came to appellant's house, threatened to kill her,
and struck her on the leg. Appellant also testified that she believed that Gibson concocted the allegation
against her in order to win custody of their children in their then-pending divorce.

 A defendant must be given great latitude to show any fact that would tend to establish ill
feeling, bias, motive, or animus on the part of a witness testifying against her. Delaware v. Van Arsdall,
475 U.S. 673, 678-79 (1986); Hurd v. State, 725 S.W.2d 249, 252 (Tex. Crim. App. 1987). The rules
of criminal evidence recognize the right to impeach a witness by proof of circumstances or statements
showing bias or interest on the part of the witness. Tex. R. Crim. Evid. 612(b). At the same time, trial
judges may place reasonable limits on such impeachment based on concerns about harassment, prejudice,
confusion of the issues, the witness's safety, or interrogation that is repetitive or marginally relevant. Van
Arsdall, 475 U.S. at 679; Hurd, 725 S.W.2d at 252. Speculation about a witness's ulterior motives for
testifying is of little probative value as impeachment. Carrillo v. State, 591 S.W.2d 876, 887 (Tex. Crim.
App. 1979). 

 Our examination of the record discloses that most, if not all, of the evidence of bias
appellant complains was excluded at the guilt stage was in fact before the jury. In the jury's presence,
appellant testified without objection that Kevin Gibson came to her house on January 13 and asked for the
children. When appellant told him he could not have them, he threatened to kill her and began to assault
her. (1) There was also a great deal of testimony by both State and defense witnesses regarding the divorce
proceedings and the battle between appellant and Gibson for custody of their children. During his argument
at the guilt stage, defense counsel referred to this evidence and asserted that Gibson had falsely accused
appellant in order to gain an advantage in the divorce case. Under the circumstances, we believe that
appellant was given ample opportunity within the scope of the relevant rules and authorities to demonstrate
Gibson's possible bias and motive for testifying against her. Any marginal restrictions the court may have
placed on appellant in this regard were within the scope of its discretion. Point of error one is overruled.

 In point of error two, appellant contends the court erred at the punishment phase by not
allowing her to testify about several acts of physical abuse she claimed to have suffered at Kevin Gibson's
hands. She argues that this testimony was admissible to show her state of mind at the time of the offense
and to mitigate the punishment. Appellant did not make this argument to the trial court. After completing
the bill of exception, counsel merely stated, "That would be the evidence, in essence, that I would tender
to the jury on punishment." The court responded, "I'm going to deny your submission." Under the
circumstances, it is questionable whether the alleged error was preserved. Tex. R. App. P. 52(a).

 In any event, we find no abuse of discretion in excluding the proffered testimony. At the
punishment stage, a court may admit evidence as to "any matter the court deems relevant to sentencing." 
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1996). As previously noted, the jury was
aware of the divorce proceeding pending at the time of the offense and of the related child custody dispute. 
The jury also heard appellant testify that the divorce was "due to so much domestic violence in the family,"
that Gibson threatened to kill her and physically assaulted her the day before the charged offense, and that
she feared for the safety of herself and her children. In light of the admitted evidence, the court could
reasonably conclude that additional testimony regarding alleged acts of abuse that occurred months or even
years before was of marginal relevance to sentencing in this cause. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: September 11, 1996

Do Not Publish
1.   When appellant later repeated this testimony, the State objected and the court instructed
the jury to disregard. By this time, however, the fact of the alleged January 13 assault was in
evidence.



k her on the leg. Appellant also testified that she believed that Gibson concocted the allegation
against her in order to win custody of their children in their then-pending divorce.

 A defendant must be given great latitude to show any fact that would tend to establish ill
feeling, bias, motive, or animus on the part of a witness testifying against her. Delaware v. Van Arsdall,
475 U.S. 673, 678-79 (1986); Hurd v. State, 725 S.W.2d 249, 252 (Tex. Crim. App. 1987). The rules
of criminal evidence recognize the right to impeach a witness by proof of circumstances or statements
showing bias or interest on the part of the witness. Tex. R. Crim. Evid. 612(b). At the same time, trial
judges may place reasonable limits on such impeachment based on concerns about harassment, prejudice,
confusion of the issues, the witness's safety, or interrogation that is repetitive or marginally relevant. Van
Arsdall, 475 U.S. at 679; Hurd, 725 S.W.2d at 252. Speculation about a witness's ulterior motives for
testifying is of little probative value as impeachment. Carrillo v. State, 591 S.W.2d 876, 887 (Tex. Crim.
App. 1979). 

 Our examination of the record discloses that most, if not all, of the evidence of bias
appellant complains was excluded at the guilt stage was in fact before the jury. In the jury's presence,
appellant testified without objection that Kevin Gibson came to her house on January 13 and asked for the
children. When appellant told him he could not have them, he threatened to kill her and began to assault
her. (1) There was also a great deal of testimony by both State and defense witnesses regarding the divorce
proceedings and the battle between appellant and Gibson for custody of their children. During his argument
at the guilt stage, defense counsel referred to this evidence and asserted that Gibson had fals